UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VINCENT P. ALEXIS,

    Petitioner,

v.

DAVID ORTIZ,

    Respondent.

Civ. No. 19-1085 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner Vincent P. Alexis ("Petitioner"), an inmate incarcerated at FCI Fort Dix, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter referred to as "Petition"), purporting to challenge aspects of his incarceration and seeking compassionate release. (ECF No. 1). The Court has examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b).[1] For the following reasons, the Court will deny the Petition without prejudice to any right Petitioner may have to bring a civil rights action, declaratory judgment action, motion to amend, or a motion to reduce sentence, in an appropriate court.

**I.    BACKGROUND**

    The Court will construe the allegations in the Petition as true for the purpose of this Opinion. As Petitioner is intimately familiar with the facts of his case, and because the Court has set forth the background of this case in an earlier Opinion in one of Petitioner's other cases, the

---

[1] Pursuant to Rule 4, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, a court must dismiss the petition and direct the Clerk of Court to notify the petitioner.

Court will only set forth the background necessary to address the instant Petition. (Civ. No. 18-2099, ECF No. 5).

This case arises from Petitioner's medical issues and treatment thereof while serving his sentence at FCI Fort-Dix. As discussed more thoroughly in the Court's earlier Opinion, Petitioner became ill with a septic sinus infection in 2014 and had "flare-ups" of his chronic Lyme disease in 2015. *Id*. Petitioner, who possesses a doctorate in veterinary medicine, was able to diagnose himself and request the proper treatment. Despite those requests, prison staff refused to provide proper treatment, delayed necessary medical treatment, prevented him from receiving medical treatment, or some combination of the three, which required him to undergo a number of surgical procedures. As a result of those failures and complications resulting therefrom, Petitioner experienced and continues to experience, substantial pain and suffering, as well as permanent injuries.

Petitioner filed a civil complaint on February 14, 2018, and this Court dismissed the complaint as time-barred but provided Petitioner with leave to file a motion to amend the complaint. (Civ. No. 18-2099, ECF Nos. 5, 6). That particular civil action is still pending in this Court.

Thereafter, Petitioner filed the instant Petition under 28 U.S.C. § 2241, seeking specific medical examinations and treatment related to his medical issues, as well as an order for compassionate release. (ECF No. 1, at 8).

## II.     DISCUSSION

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when

the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's civil rights claims related to his medical care do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner's challenges to his medical care or to the retaliations for complaining about his medical care, however, would not result in a speedier release, and thus do not sound in habeas corpus. *E.g., Bonadonna v. United States*, 446 F. App'x 407, 409 (3d Cir. 2011); *Cardenas v. Edwards*, No. 17-13803, 2018 WL 2175776, at *2 (D.N.J. May 10, 2018).

Stated differently, because a finding in Petitioner's favor on these claims, such as ordering his requested medical treatment or ordering Respondent to comply with certain medical recommendations "would not alter [the length of] his sentence or undo his conviction," he cannot proceed on this claim by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi v. Ebbert*, 353 F. App'x 681, 681 (3d Cir. 2009). Instead, Petitioner may only bring such claims via a new civil complaint or declaratory judgment action, or through a motion to amend in one of his related

3

outstanding cases. *See Bonadonna*, 446 F. App'x at 409. Accordingly, the Court will deny[2] Petitioner's civil rights claims without prejudice.

Next, Petitioner contends that Respondent's refusal to move for compassionate release under the First Step Act of 2018, P.L. 115-391, § 603(b)(1), "requires" habeas intervention because the "refusal directly effects [sic] Alexis's detention adversely." (ECF No. 1-2, at 2). Under the First Step Act which modified 18 U.S.C. § 3582(c)(1)(A), a federal prisoner may now "file a motion for compassionate release after exhausting all administrative appeals of a refusal by the [Bureau of Prisons ("BOP")] to bring such a motion on the prisoner's behalf." *E.g.*, *Deffenbaugh v. Sullivan*, No. 19-2049, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019).

Here, Petitioner concedes that he has failed to exhaust his administrative appeals on this claim, "because the administrative remedy process was completed before [his] request for Compassionate Release." (ECF No. 1, at 7–8). In essence, Petitioner contends that the Court should excuse his failure to exhaust because he had already completed the administrative remedy process on his underlying medical issues, and thus allegedly could not appeal the refusal to move for compassionate release.

The Court need not decide the issue of exhaustion, however, as this Court has no authority under the First Step Act to consider a compassionate release claim in a § 2241 petition. 18 U.S.C. § 3582(c)(1)(A). Instead, the statute provides that a *sentencing court* may modify a sentence upon receiving a *motion* from the BOP or the defendant. *Deffenbaugh*, 2019 WL 1779573, at *2; *see also*, *e.g.*, 18 U.S.C. § 3582(c)(1)(A); *Himmel v. Upton*, No. 18-804, 2019 WL 1112923, at *2 n. 6 (N.D. Tex. Mar. 11, 2019) ("any motion for compassionate release under the newly amended

---

[2] The Court will not, however, *sua sponte* recharacterize the Petition as a civil complaint, as there are meaningful differences between the filing of a habeas petition and a civil complaint, and because Petitioner has a number of outstanding cases stemming from the allegedly deficient medical care related to his sinus issues and chronic Lyme disease.

4

provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court"); *Mohrbacher v. Ponce*, No. 18-513, 2019 WL 161727, at *1 n. 1 (C.D. Cal. Jan. 10, 2019) (same).

Accordingly, this Court makes no determination on Petitioner's compassionate release claim as he may only file a motion for such a claim in his sentencing court, the United States District Court for the Northern District of New York.

### III.   CONCLUSION

For the foregoing reasons, as to Petitioner's civil rights claims, the Court will deny the Petition without prejudice to any right Petitioner may have to bring a new declaratory judgment or civil action, or a motion to amend in his other pending cases.  Additionally, the Court will deny Petitioner's compassionate release claim without prejudice to any right Petitioner or the BOP may have to file a motion to reduce sentence in the sentencing court.  An appropriate order follows.


Dated: June  4 , 2019                                              s/Robert B. Kugler
                                                                                ROBERT B. KUGLER
                                                                                United States District Judge